UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE J. FAIRGOOD,

                Petitioner,                Case No. 18-cv-10358

v.                                                HON. AVERN COHN

THOMAS WINN,

                Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner D'Andre J. Fairgood challenges his 2015 jury conviction for possession of a firearm during the commission of a felony (felony-firearm) and possession of marijuana. Petitioner is serving a five-year prison term for the firearm offense (the sentence for the marijuana charge has expired). The petition raises three claims: (1) Petitioner was denied his right to counsel of choice, (2) the trial court erroneously instructed the jury on the element of possession for the firearm offense, and (3) insufficient evidence was presented at trial to support the firearm conviction. For the reasons that follow, the petition will be denied for lack of merit.

### II. Background

The Michigan Court of Appeals summarized the facts as follows:

On October 17, 2014, Detroit police officer Anthony

O'Rourke responded to the area of 1704 Atkinson due to multiple
complaints concerning narcotics sales at that location. After observing
several people go up to the location for short periods of time and
suspecting narcotics activity, O'Rourke called for backup. Two other
officers responded and as they were approaching the house, they saw
another individual arrive on a bicycle, approach the front door and request
that the person who answered the door give him "ten." As the individual
entered the house, the officers made their presence known and entered
as well. Defendant, who was sitting
on the couch, rose and ran awkwardly toward a back bedroom. As
an officer approached him, he drew a 44 caliber handgun from
somewhere on his right side and threw it to the ground. A subsequent
search of defendant revealed a bag of marijuana on his person. Defendant
was ultimately tried on charges of carrying a concealed weapon, MICH.
COMP. LAWS § 750.227; felon in possession of a firearm, MICH. COMP.
LAWS § 750.224f; felony firearm, MICH. COMP. LAWS § 750.227b, and;
possession of marijuana, MICH. COMP. LAWS § 333.7403(2)(d). He was
convicted only of the felony firearm and possession of marijuana charges.

People v. Fairgood, 2016 WL 6825356, at *1 (Mich. Ct. App. Nov. 17, 2016).

Petitioner filed a direct appeal in the Michigan Court of Appeals, presenting the

following claims:

I. The prosecutor failed to present constitutionally sufficient
evidence to sustain the felony firearm conviction.

II. The jury instruction as to possession left the jurors with no choice
but to convict Mr. Fairgood in violation of his due process rights.

III. The jury's verdict went against the great weight of the evidence
as it resulted in a miscarriage of justice and an actual innocent person
being convicted.

IV. Mr. Fairgood's trial counsel violated his Sixth Amendment right
to the effective assistance of counsel by failing to properly investigate and
call as a witness Sparkle Jones.

The Michigan Court of Appeals affirmed in an unpublished opinion. Id.

Petitioner then filed a pro se application for leave to appeal in the Michigan Supreme Court, presenting the following claims:

    I. Ineffective assistance counsel. Trial lawyer was ineffective for failure to investigate and call as a witness Sparkle Jones.

    II. Vacate sentence for felony firearm conviction. A conviction lacking sufficient evidence violates a defendant's right to due process.

    III. New trial. The jury's verdict went against the great weight of the evidence as it resulted in a miscarriage of justice and an innocent person being convicted.

    IV. Illegal search and seizure.

The Michigan Supreme Court denied leave to appeal. People v. Fairgood, 500 Mich. 1001 (2017) (Table).

### III. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

3

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003), quoting Williams, 529 U.S. at 413.

## IV. Discussion

### A. Counsel of Choice

Petitioner first says that he was denied his right to the counsel of choice when the trial court denied his day-of-trial request for an adjournment to hire new counsel. The claim was never presented to the Michigan Court of Appeals. However, the Court may consider an unexhausted claim if it finds the claim lacks merit. See 28 U.S.C. § 2254(b)(2).

To warrant substitution of counsel a defendant must show good cause. Examples of good cause include a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict. Henness v. Bagley, 644 F.3d 308, 321 (6th Cir. 2011). When reviewing the denial of a motion to substitute counsel, a court considers: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. Henness, 644 F.3d at 321. If the defendant's motion would

require a last-minute continuance, the trial judge's decision is entitled to extraordinary deference. Henness, 644 F.3d at 321.

Here, at the start of the first trial date, a Monday, defense counsel indicated that Petitioner desired an adjournment to retain new counsel. See Doc. 11-4, at 3. Petitioner told his counsel that he had "paperwork that did not make any mention of a gun charge." Id. Petitioner also complained that when he went to counsel's office the previous Friday to receive the discovery materials, but counsel had already left for the weekend with the entire file to prepare for trial. Id. 3-4. After indicating a predisposition to deny the motion as untimely, the trial court nevertheless allowed Petitioner to elaborate on the reasons for the request, stating, "You can keep talking. The jury won't be back for about 45 minutes so you can talk." Id. 5. Petitioner replied, "So even if I wanted to get a new lawyer, I still couldn't because the trial is already [starting]." Id. 5-6. The trial court responded, "We are about - if you can get a new lawyer in 45 minutes and he'll have to be ready to try this case in 45 minutes, all right." Id. 6. When the case was again called the parties discussed various pretrial matters, but no further mention was made of an adjournment or request for substitute counsel. Id. 6-9.

Based on the above, Petitioner's right to counsel of choice was not violated. The request was untimely. It was made about an hour before jury selection. The trial court tersely, but adequately, inquired into the cause of the request. Counsel indicated that the request was occasioned by late delivery of discovery materials to Petitioner and Petitioner's claimed lack of notice of the firearm charges. Petitioner was allowed to directly address the court regarding his concerns, but he elected not to elaborate. The conflict between counsel and Petitioner did not appear to be so great that it resulted in a

5

total lack of communication preventing an adequate defense. Indeed, counsel put on a vigorous defense that resulted in a finding of not guilty as to the carrying a concealed weapon charge and no verdict as to the felon in possession charge. Given the untimeliness of the request and Petitioner's failure to elaborate on the reasons for his request, it was not error for the trial court to deny the adjournment. Petitioner is not entitled to relief on this claim.

### B.  Jury Instructions

Petitioner next contends that the trial court erroneously instructed the jury on the element of possession with respect to the felony-firearm offense. The Michigan Court of Appeals rejected the claim:

> Defendant argues that the trial court failed to emphasize the knowledge requirement of possession, given that the jury appeared to struggle with the "mere presence issue of constructive possession." We note that in its instructions to the jury before the jury retired to deliberate, the court instructed the jury that, to find defendant guilty of felony firearm, the jury must find that defendant "knowingly carried or possessed a firearm." Thus, the fact that knowledge was a requisite element was clear, albeit not emphasized.
>
> The jury sent out a note during deliberations indicating that it needed clarification of "element one" on the felony firearm charge. Element one, as instructed by the trial court and as found in the Michigan Criminal Jury Instructions concerns the underlying felony. See, M.Crim.J.I. 11.34. Nevertheless, a judge filling in for the trial judge instructed the jury on possession, as provided in M.Crim.J.I. 11.34a. A short time later, the jury asked for clarification of the term "possession" for count 3, which was a charge of felon in possession of a firearm and for which defendant was not convicted. The replacement judge again instructed the jury on the definition of "possession" as found in M.Crim.J.I. 11.34a, and additionally stated that she could provide an example. The replacement judge stated, "Possession can be physical control, I got this pen, okay. What if I put the pen here? Do I have reasonable access to the pen? The person knows the location of the, in my hypothetical, the pen, and has reasonable access to it, but it ain't in my hand . . . ." Later the same day, the jury sent out another note asking "does access mean in plain sight when

6

considering count three's definition of possession?" The replacement judge instructed, "I can't answer that. That's a question of fact." She further stated, "How it got from point A to point B, that's a question of fact." The replacement judge then again gave the definition of possession found in M.Crim.J.I. 11.34a and provided the jury with a written copy of the instruction.

On the next day of deliberations, the judge who presided over the trial was back and addressed the jury's note from the prior day asking whether access meant in plain sight. The trial judge confirmed that the jury had received the instruction on possession, then further instructed that the jury had to use its common sense and reasoning to decide whether there was access or not. Given the trial court's instructions, we see no error in its failure to emphasize the knowledge portion of the felony firearm instruction. The definition of "possession" repeatedly provided by the trial court states that the person must "know the location of the firearm" as well as have reasonable access to it. Knowledge is thus twice referenced.

We also see no error in the replacement judge's throwing down her pen and indicating that she possessed the pen even after throwing it down. The judge's demonstration merely illustrated that a person can have possession of an object by having access to, and control over, the object, even if the person does not have physical control of the object. The jury had already been instructed that it must find that defendant "knowingly possessed" a firearm in order to convict defendant of the felony firearm offense.

Viewing the instructions as a whole, the instructions appear to have fairly presented the issues to be tried and sufficiently protected defendant's rights. Gonzalez, 256 Mich. App. at 225. Accordingly, defendant has not shown that he is entitled to reversal on the basis of the trial court's jury instructions regarding possession.

Fairgood, 2016 WL 6825356, at *3-4.

Established Supreme Court law holds that "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Middleton v. McNeil, 541 U.S. 433, 437 (2004). For an error in the jury instructions to warrant habeas relief, it "must be so egregious that [it] render[ed] the entire trial fundamentally unfair. Without such a showing, no constitutional violation is established and the

petitioner is not entitled to relief." White v. Mitchell, 431 F.3d 517, 533 (6th Cir. 2005) (internal citation omitted). The question is whether an incorrect instruction "'so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). The Supreme Court has defined the category of infractions that violate fundamental fairness very narrowly. Id. at 72-73 (quoting Dowling v. United States, 493 U.S. 342, 352 (1990)).

Here, as found by the Michigan Court of Appeals, both the instruction read by Judge Hathaway and the one read by Judge Evans were correct. The only potential problem was the jury's question whether the "access" component of possession required an item to be in "plain sight." This possible misunderstanding may have resulted from the Judge's pen example which suggested that the Judge had possession of the pen because she could still see it after she dropped it. As indicated by the Michigan Court of Appeals, visibility is not a prerequisite of possession. Therefore, any misunderstanding by the jury only aided Petitioner by adding a requirement to the offense. Any error was not "so egregious" that it rendered Petitioner's "entire trial fundamentally unfair." White, 431 F.3d at 533. The claim is without merit.

### C. Sufficiency of the Evidence

In his final claim, Petitioner says that insufficient evidence was presented at trial to support his felony-firearm conviction. After reciting the applicable constitutional standard and the elements of the offenses, the Michigan Court of Appeals rejected the claim on the merits:

> "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." People v. Avant, 235 Mich. App. 499, 505 (1999). Defendant argues that the prosecution failed to prove beyond a reasonable doubt that he possessed a firearm. More specifically, defendant argues that Officer Bastine's testimony that defendant possessed a .44 caliber revolver was incredible because it was unreasonable that Officer Bastine would have failed to see such a large weapon hidden under defendant's clothes before he pulled it out. When reviewing the sufficiency of the evidence, however, this Court will "not interfere with the jury's assessment of the weight and credibility of witnesses or the evidence." People v. Dunigan, 299 Mich. App. 579, 582 (2013). Accordingly, defendant's argument, which is based solely on the credibility of Officer Bastine's testimony, is without merit.
>
> Fairgood, 2016 WL 6825356, at *2.

The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). On habeas review, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review - the factfinder at trial and the state court on appellate review - as long as those determinations are reasonable. Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009).

The Michigan Court of Appeals' conclusion was reasonable based on the facts produced at trial. Police Officer Vincent Bastine testified that when he entered the house he saw Petitioner sitting on a couch. Petitioner ran towards a hallway, and Bastine chased him. Bastine never lost sight of Petitioner. As Petitioner ran into a bedroom Bastine saw him remove a handgun from either his waistband or his sweatshirt pocket and toss it to the floor. Petitioner dropped to the ground and Bastine

9

placed him in custody. Bastine recovered a .44 caliber revolver with four live rounds from the floor. Bastine then searched Petitioner and recovered a bag of marijuana.

The jury obviously chose to credit Bastine's testimony with respect to the felony-firearm charge. "[I]t is the responsibility of the jury - not the court - to decide what conclusions should be drawn from the evidence admitted at trial." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). As such, Petitioner is not entitled to relief on this claim.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability issues. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claims lack merit.

## VI. Conclusion

Accordingly, for the reasons stated above, the petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 3/5/2019
Detroit, Michigan